NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In re: JOHN H. BANKS, et al.,**
*Petitioners*

---

2015-152

---

On Petition for Writ of Mandamus to the United States Court of Federal Claims in Nos. 00-cv-365, 00-cv-379, 00-cv-380, 00-cv-381, 00-cv-382, 00-cv-383, 00-cv-384, 00-cv-385, 00-cv-386, 00-cv-387, 00-cv-388, 00-cv-389, 00-cv-390, 00-cv-391, 00-cv-392, 00-cv-393, 00-cv-394, 00-cv-395, 00-cv-396, 00-cv-398, 00-cv-399, 00-cv-400, 00-cv-401, 05-cv-1381, 06-cv-072, 99-cv-4451, 99-cv-44510, 99-cv-44511, 99-cv-44512, 99-cv-4452, 99-cv-4453, 99-cv-4454, 99-cv-4455, 99-cv-4456, 99-cv-4457, 99-cv-4458, and 99-cv-4459, Chief Judge Patricia E. Campbell-Smith.

---

## ON PETITION

---

Before WALLACH, LINN, and TARANTO, *Circuit Judges*.

WALLACH, *Circuit Judge*.

## O R D E R

Petitioners, John H. Banks, et al. ("Banks"), seek a writ of mandamus asking the court to order various relief

in the underlying takings case, including to order Chief Judge Campbell-Smith to disqualify herself.

In our most recent decision in this longstanding dispute, *Banks v. United States*, 741 F.3d 1268 (Fed. Cir. 2014), we reversed the United States Court of Federal Claims' dismissal for lack of jurisdiction, finding that the Court of Federal Claims had erred in concluding the plaintiffs' claims were untimely. *Id.* at 1276–82. We further concluded that the Court of Federal Claims' "alternative" merits determination was not a final, appealable decision because the court had yet to rule on the issue of the plaintiffs' shore protection expenses. *Id.* at 1283. We remanded for further proceedings.

On remand, the plaintiffs filed a motion to enforce this court's mandate and award relief on the merits. After the government opposed, the plaintiffs filed two replies. The Court of Federal Claims requested clarification, and, on January 20, 2015, the plaintiffs informed the court that the reply docketed as Document 530 "may be struck, or deferred for consideration at a later date." In light of those statements, Chief Judge Campbell-Smith ordered to strike that submission, along with another document (Document 536) that was also submitted in response to the request to clarify.*

Meanwhile, the plaintiffs filed an additional submission (Document 534), expressing safety concerns about a nuclear power plant located near their properties. The court rejected that filing, stating that to the extent that the plaintiffs were seeking to submit evidence as part of the record, they failed to do so properly. In August 2015,

---

\* Plaintiffs in this case are represented by two sets of counsel, but were limited, by rule, to filing one reply. Counsel that submitted Document 536 and 530 is also the counsel that filed this petition.

the court denied the plaintiffs' motion to enforce, entered the previous liability and damages findings, and directed the parties to meet and confer for purposes of having them present a status report on how best to proceed with the shoreline protection expenses and remaining issues.

Banks seeks a writ ordering Chief Judge Campbell-Smith to recuse herself; ordering the Court of Federal Claims to "[c]ompensate Plaintiffs for all sand removed from their property as quantified in Documents 525 and 544" and "shore protection costs and lost rentals as delineated by Plaintiffs' Document 525 Page 5"; and ordering "Documents 530, 534 and 536 to be re-filed by the Court of [Federal] Claims." Having considered the arguments presented and the record below, we deny these requests without response.

Because the remedy of mandamus is available only in "exceptional" situations, *In re Calmar, Inc.,* 854 F.2d 461, 464 (Fed. Cir. 1988) (citation omitted), a party seeking a writ bears the burden of proving that it has no "adequate alternative means" to obtain the same relief, *Mallard v. U.S. Dist. Court for S. D. of Iowa,* 490 U.S. 296, 309 (1989) (citation omitted), and that the right to issuance of the writ is "clear and indisputable," *Will v. Calvert Fire Ins. Co.*, 437 U.S. 655, 666 (1978). And "even if the first two prerequisites have been met, the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances." *Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 381 (2004).

Each of Banks' requests falls short. First, with regard to disqualification, the plaintiffs never asked Chief Judge Campbell-Smith to recuse herself, and thus, have an alternative avenue to seek such relief. Second, the plaintiffs informed the court that two of the documents in question could be stricken, and the court left the possibility open for the third to be submitted if submitted properly. In light of these facts, we also cannot say that Banks

has established entitlement to the docketing of Document Nos. 530, 534, and 536.

Finally, as to Banks' request to "[c]ompensate Plaintiffs for all sand removed from their property" and "shore protection costs and lost rentals," this too must be rejected. To the extent that Banks simply argues for a favorable judgment, those arguments can be raised in a proper appeal. To the extent Banks argues that the Court of Federal Claims defied our mandate, that argument is unpersuasive given our prior conclusion that there was no final, appealable decision on the merits. We expressly made clear that the Court of Federal Claims could reconsider the issues of liability and damages. *See Banks*, 741 F.3d at 1283.

Accordingly,

IT IS ORDERED THAT:

The petition is denied.

FOR THE COURT

/s/ Daniel E. O'Toole
Daniel E. O'Toole
Clerk of Court

s24